**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CLEO BERGERON,**

    **Plaintiff,**

vs.                                    **Case No. 4:16cv396-RH/CAS**

**POLLACK & ROSEN,
MARK E. POLLACK,
and JOSEPH F. ROSEN,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

On April 20, 2016, a miscellaneous case was opened for Plaintiff, proceeding pro se, because Plaintiff's case initiating document was titled "Writ of Execution." Thus, the Clerk of Court construed the pleading as a Petition for Writ of Execution. *See* case no. 4:16mc15-RH/CAS. After review by the undersigned Magistrate Judge, it was concluded that Plaintiff was not seeking to execute on a money judgment pursuant to Federal Rule of Civil Procedure 69; rather, Plaintiff appeared to be seeking to file a federal lawsuit against Defendants for allegedly using unlawful collection practices. ECF No. 1. Accordingly, case number 4:16mc15-RH/CAS was

closed and this civil case was opened for Plaintiff. Service was directed in July 2016, ECF No. 4, and summons were returned executed in August 2016. ECF No. 6. Defendants filed a motion to dismiss on August 15, 2016, ECF No. 8, and Plaintiff filed a response in opposition to the motion on August 29, 2016, ECF No. 10, which has been considered.

**Allegations of the complaint, ECF No. 1**

In the case initiating "Writ of Execution" (referenced hereafter as the "complaint"), Plaintiff alleged[1] that Defendants wrongfully withdrew funds from her bank account pursuant to a state issued Writ of Garnishment without due process and in violation of the Fair Debt Collection Procedures Act ("FDCPA"), 15 U.S.C. § 1692, *et seq. Id.* at 3-7. Plaintiff asserts that despite advising Pollack & Rosen, P.A., that the name, social security number, and address listed in the writ of garnishment did "not belong" to Plaintiff and were incorrect, Defendants continued to commit fraud and wrongfully deduct funds from her account. *Id.* Plaintiff claimed Defendants sent notice of a hearing, but failed to provide a specific date in

---

[1] The complaint has been liberally construed as is required by a pro se litigant.

Case No. 4:16cv396-RH/CAS

which to appear. ECF No. 10 at 6. Plaintiff claims that by doing so, she was deprived of due process of law. *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also*

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Case No. 4:16cv396-RH/CAS

Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544

U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966).  Rule 8's requirements do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting Twombly,  550 U.S., at 555, 127 S.Ct. 1955).  Thus, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (quoted in White v. Bank of Am. Bank, NA, 597 F. App'x 1015, 1018 (11th Cir. 2014)).

**ANALYSIS**

Defendants' motion to dismiss points out numerous deficiencies with Plaintiff's complaint such as the form of the pleading.  ECF No. 8.  For example, Plaintiff did not use numbered paragraphs to state the claims and facts upon which the claims are based as required by Rule 10(b) of the Federal Rules of Civil Procedure.  ECF No. 8 at 6-7.  Additionally, Defendants note that the complaint did not include a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a)(1).  *Id.* at 14.  While Defendants have correctly pointed out those deficiencies, leniency is extended to a pro se Plaintiff and those defects are not fatal.

What leniency cannot correct, however, is a complaint that does not present factual allegations "showing that the pleader is entitled to relief" as required by Rule 8(a)(2).  A complaint must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009) (quoted in Birdette v. Capitol One Bank (USA), N.A., No. 12-11640-F, 2012 WL 8319317, at *1 (11th Cir. July 25, 2012)).

In this case, the complaint is inadequate. First, Plaintiff alleges that the Defendants are judgment debtors and Plaintiff is a judgment creditor. ECF No. 1 at 1-3. That is not correct. Plaintiff is not a creditor nor did these Defendants have a business relationship with Plaintiff. Rather, Plaintiff is a debtor and Defendants were seeking to collect a debt.

Second, Plaintiff alleged that she was the victim of fraud. ECF No. 1 at 3. Plaintiff contends the writ of garnishment was not lawful due to lack of notice. *Id.* at 3-4. Plaintiff does not, however, provide facts which state how any named Defendant violated provisions of the FDCPA. At most, Plaintiff challenges that she never resided at 6903 Holly Drive in Miami Lakes, Florida, and contends the social security number associated with the "account" is incorrect. Yet there are no allegations explaining why that address is relevant or how it relates to a claim of fraud. There are also no allegations which explain that despite an allegedly incorrect social security number, Plaintiff was not the debtor against who judgment was entered in 2006. Pursuant to Rule 9, Plaintiff must allege a claim of fraud "with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). This complaint does not do so. Plaintiff provides no facts which

state what these Defendants did were unlawful, were fraudulent, or which violate the FDCPA.

Additionally, the complaint makes vague and conclusory allegations that Defendants "repeatedly continue with their criminal actions" without stating any specific facts which show "criminal" conduct. Plaintiff broadly claimed Defendants had gathered "false information without actual proof," but beyond claiming one address was false and disputing a social security number on an unspecified "account," there are no facts which show Defendants used "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. There are no facts which show Defendants used "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. There are no facts alleged which show Defendants harassed Plaintiff in an effort to collect a debt. 16 U.S.C. § 1692d. The complaint does not allege a violation of the FDCPA and the motion to dismiss should be granted on that basis.

Moreover, Defendants argue that Plaintiff cannot bring a separate due process claim challenging the writ of garnishment because state law provides adequate remedies. ECF No. 8 at 9. To assert a procedural due

process claim, the complaint must allege facts showing the deprivation of a protectable right, the process that should have been provided, and the process actually provided. Regions Bank v. Hyman, 91 F. Supp. 3d 1234, 1243 (M.D. Fla. 2015). Plaintiff has a protected property interest in money held in a financial account, but Plaintiff has not alleged how Defendants failed to give proper notice to her such that she did not have a full and fair opportunity to be heard . . . ." Regions Bank, 91 F. Supp. 3d at 1243. "Florida law recognizes a cause of action for wrongful garnishment. Procedural due process violations do not exist when adequate state remedies are available." 91 F. Supp. 3d at 1244. There are no allegations presented which demonstrate a viable due process claim and, thus, the motion to dismiss should be granted on this basis as well.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 8, be **GRANTED** and Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**